**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**Tanisha Jones and Marico Watkins,**

**Plaintiffs,**

**vs.**

**City of Minneapolis; Patrick Myslajek individually and in his professional capacity as a Minneapolis Police Officer; Jeffrey Mercill individually and in his professional capacity as a Minneapolis Police Officer; Michael Thamm individually and in his professional capacity as a Minneapolis Police Officer; Nicholas Torborg individually and in his professional capacity as a Minneapolis Police Officer,**

**Defendants.**

**Court File No.: 00-137 (RHK/JMM)**

**STIPULATION AND ORDER REQUIRING THE PROTECTION OF CERTAIN DOCUMENTS**

---

Whereas, discovery in this action may involve confidential or private personnel data maintained by Defendant City of Minneapolis, it is hereby stipulated to and agreed by the undersigned parties to the above entitled action, the ("Action"), acting through their attorneys, that:

1. Defendants may make available to Plaintiff's attorneys for their inspection and copying the following files under certain terms and conditions:

MCPRA and IAD complaint files against Officers Nicholas Torborg, Michael Thamm, Patrick Myslajek, and Jeffrey Mercill.

Police Personnel Files of Officers Torborg, Thamm, Myslajek, and Mercill

2. The parties stipulate and agree that an order may be entered by the above-named court requiring the production of these documents on the following terms and conditions.

FILED OCT 04 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

a. The documents to be produced in response to this order shall be considered "Confidential Materials" under the terms of the Stipulation and Order, and this Stipulation and Order shall govern the examination and use of such documents.

b. Confidential Materials and information derived therefrom shall be disclosed to and used by only "Qualified Persons," as defined in subparagraph d, below. It is expressly understood that the parties may not use Confidential Materials for any purpose or advantage outside the scope of the issues directly addressed by this action.

c. If any party's counsel wishes to use or inquire about Confidential Materials or information derived therefrom at any deposition, the portion of the deposition transcript that relates to the Confidential Materials or information derived therefrom may be designated by Defendants as "Confidential," and, if so designated, the portion of the deposition transcript so designated shall be treated as Confidential Materials subject to the provisions hereof.

d. Confidential Materials (including portions of deposition transcripts that are designated as "Confidential") or information derived therefrom may be disclosed or made available by counsel for the parties only to "Qualified Persons" as defined herein. "Qualified Persons" are:

i. The Court (subject to the provisions of subparagraph g hereof);

ii. Counsel to the parties to the action and the paralegal, clerical, secretarial staff employed by such counsel and expert witnesses and their staff retained by the parties;

iii. Court reporters employed in connection with any deposition in the action; and

iv. The Plaintiff, except that Confidential Materials identified as Officers Torborg's, Thamm's, Myslajek's and Mercill's police personnel files and unsustained complaints against them, shall not be disclosed to Plaintiff, except as agreed to by Defendants or ordered by the Court.

v. Any other person that the parties agree to in writing.

e. Confidential Materials or information derived therefrom shall not be disclosed by any Qualified Person to any other person or persons, except as provided in subparagraphs g and h hereof.

f. If Confidential Materials (including portions of deposition transcripts) or information derived therefrom are to be included in any papers to be filed in the Court, such papers shall be labeled "Confidential," filed under seal, and kept under seal until further order of the Court.

g. Nothing contained in the Stipulation and Order shall preclude a party from showing any Confidential Materials or disclosing information derived therefrom to any actual or potential third party witnesses, either prior to a deposition or trial or during a deposition or a trial, provided that:

i. If such disclosure is at a deposition, only Qualified Persons may be present, except for counsel for the witness;

ii. The actual or potential witness may not be given a copy of any Confidential Materials to take with him or her; and

iii. The actual or potential witness shall be provided a copy of this Stipulation

and Order and advised that it is applicable to him or her. Such actual or potential witness and his or her attorney shall be bound by subparagraph b of the Stipulation and Order requiring that Confidential Materials be held in confidence, and shall not disclose the Confidential Materials nor any information derived from them to anyone who is not a Qualified Person within the meaning of this Stipulation and Order.

3. In the event that any Confidential Materials or information derived therefrom are used in a court proceeding herein, such documents or information shall not lose their confidential status through such use.

4. Nothing herein shall be construed to affect in any way any party's rights to object to the admissibility of any document, testimony, or other evidence at trial.

5. Nothing contained in this order shall prejudice any party's right to use at trial any material that has been designated as "Confidential."

6. If any party receives a subpoena or other court process that arguably calls for the production of Confidential Materials, the party shall give the Defendants at least ten (10) days notice before producing any such Confidential Materials.

7. Upon termination of this litigation, counsel for Plaintiff shall return all Confidential Materials and copies thereof to counsel for Defendant City of Minneapolis.

8. The designation of any document, information, or thing as confidential under this order is for purposes of this protective order only, and shall not be used for the purpose of interpretation of other legal or substantive issues raised in this litigation apart from the application of this order.

Dated: 9-25-00

BRUCE RIVERS
Attorney Reg. No. 282698
Attorney for Plaintiffs
510 First Avenue North, Suite 560
Minneapolis, MN 55403
(612) 332-3939

Dated: 9-25-00

JAY M. HEFFERN
City Attorney
Attorney Reg. No. 4331X
By

SCOTT REEVES
Assistant City Attorney
Attorney Reg. No. 90128
Attorneys for Defendants
333 South Seventh Street, Suite 300
Minneapolis, MN 55402-2453
(612) 673-2066

IT IS HEREBY ORDERED.

Dated: October 2, 2000

John M. Mason
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.